# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILBER AVALOS PEREZ, | : | MOTION TO VACATE |
|   Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0006-CAP-JFK-9 |
| UNITED STATES OF AMERICA, | : | |
|   Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-4028-CAP-JFK |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Wilber Avalos Perez, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his conviction and sentence entered in this Court under the above criminal docket number. The matter is before the Court on the § 2255 motion, (Doc. 628), the government's response, (Doc. 631), and Movant's reply, (Doc. 633).

## I. Background

The Grand Jury for the Northern District of Georgia indicted Movant on one count of conspiring to possess with intent to distribute cocaine, methamphetamine, and marijuana and on a second count of possessing with intent to distribute five kilograms or more of cocaine, 500 grams or more of methamphetamine, and less than 50 kilograms of marijuana. (Doc. 5 at 2-3). In October 2011, represented by Howard J. Manchel, Movant entered into a plea agreement with the government to plead guilty

AO 72A
(Rev.8/82)

to the second count. (Doc. 318, Guilty Plea and Plea Agreement). The Court accepted Movant's guilty plea and imposed a ninety-eight month term of imprisonment. (Doc. 598 at 23; Doc. 443). Movant appealed, and the Eleventh Circuit Court of Appeals dismissed his appeal based on his valid appeal waiver. (See Doc. 619, Attach.). The United States Supreme Court denied *certiorari*. (Doc. 627).

Movant now brings a § 2255 motion in which he raises two grounds for relief: (1) ineffective assistance of counsel in regard to the validity of the appeal waiver and (2) ineffective assistance of counsel at sentencing. (Doc. 628, Mem. at 5-6).

## II.     28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United

States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts). On collateral review, it is the movant's burden to establish his right to relief. Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

### III. Discussion

Movant stated in his guilty plea agreement that he understood "that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings" and that "[b]y entering this Plea Agreement, [he] may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence[.]" (Doc. 318, Guilty Plea and Plea Agreement at 2). Movant specifically agreed that he voluntarily and expressly waived the right to appeal or collaterally attack his conviction and sentence, with exceptions that do not apply here. (Id. at 12). In exchange for Movant's guilty plea, the

government, among other things, agreed to bring no additional charges related to the charge to which he was pleading guilty, that all remaining counts against Movant would be dismissed, and that it would recommend that Movant receive a downward adjustment to his guidelines offense level. (Id. at 4-5). Movant signed the guilty plea with the following statement:

> I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding.

(Id. at 14).

At the plea hearing, the government reviewed the plea agreement, including the waiver of appeal provision, and stated on the record that the agreement included "[Movant's] voluntary and express waiver of the right to appeal his conviction and sentence, and the right to collaterally attack his conviction and sentence in any post conviction proceeding on any ground, except where the Court upwardly departs or upwardly varies from the guidelines range as calculated by the Court or where the government directly appeals the sentence imposed." (Doc. 598 at 11). Movant, under

4

oath, stated that he agreed with the government's description of the plea agreement and that he understood the plea agreement. (Id. at 11-12). When the Court asked Movant whether anyone had advised him not to tell the complete truth, Movant responded, "No." (Id. at 12-13). The Court again explained to Movant that in his plea agreement he was waiving his appeal rights, with the exceptions noted in the plea agreement, and asked Movant whether he understood that provision. (Id. at 20-21). Movant stated that he understood. (Id. at 21). The Court again explained to Movant that he was waiving his right to collaterally attack his sentence and asked him if he understood. (Id.). Movant stated that he did. (Id.).

At the end of the hearing, the Court asked Movant, "[i]s there anything I have said or any questions I have asked that you do not understand or you wish me to go back over and clarify?" (Id. at 22). Movant responded, "No, I understood everything." (Id.). The Court asked, "Do you and your attorney both feel you have had sufficient time to think about and discuss this matter fully among yourselves before entering this plea of guilty?" (Id.). Movant responded, "Yes." (Id.). The Court accepted Movant's guilty plea. (Id. at 23).

Movant received credit for acceptance of responsibility and a ninety-eight month term of imprisonment, and the remaining charges against Movant were dismissed on

5

motion of the government. (Doc. 443; Doc. 547 at 20). Movant appealed and asserted that his appeal waiver was unenforceable based on a breach of the plea agreement. (See Doc. 619, Attach. at 1). The Eleventh Circuit Court of Appeals found that the agreement had not been breached and that Movant's appeal did not fall under an exception to the waiver provision and dismissed his appeal. (Id. at 2).

In Ground One of his § 2255 motion, Movant argues that counsel provided ineffective assistance (1) by instructing him to sign the plea agreement without advising him on the advantages of taking an appeal, the appeal waiver, and the appeal-waiver's consequences and (2) by instructing him to say "yes" to all the questions the court asked during the plea hearing. (Doc. 628, Mem. at 5, 7). Movant states that, had counsel advised him on the appeal waiver, he would have "opted to reject" the appeal-waiver clause and that he was prejudiced by counsel's advice. (Id. at 6). In Ground Two, Movant argues that counsel provided ineffective assistance at sentencing by failing (1) to properly argue for a minor role adjustment, (2) to properly challenge the drug quantity for which he was responsible, or (3) to present argument on a reasonable prison term. (Id. at 8, 10, 12). Movant asserts that he is entitled to an evidentiary hearing. (Id. at 14-15).

The government responds that the record demonstrates the knowing and voluntary nature of Movant's appeal waiver, that the appeal waiver was adequately explained by counsel and the court, and that Movant fails to show prejudice based on counsel's assistance in regard to the appeal waiver. (Doc. 631 at 9, 12-18). The government further responds that Movant's valid appeal waiver bars his claim that counsel was ineffective at sentencing. (Id. at 18-20). Movant's reply does not add significantly to the argument he presented in his § 2255 motion. (Doc. 633).

An appeal waiver is enforceable if "(1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993)). A valid waiver waives the right to challenge a sentence via a claim that counsel was ineffective on sentencing matters. See Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) (stating that a knowing and voluntarily sentence appeal waiver "precludes . . . § 2255 claims based on ineffective assistance at sentencing"). A valid appeal waiver, however, "does *not* preclude claims brought pursuant to § 2255 that challenge the validity of the defendant's plea or the

7

appeal waiver based on the ineffective assistance of counsel." Patel v. United States, 252 F. App'x 970, 974 (11th Cir. 2007) (emphasis in original).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a movant must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a movant must show that the advice he received from counsel was deficient and that there is a reasonable probability that, but for counsel's deficient representation, "he would not have pleaded guilty and would have insisted on going to trial." Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (internal quotation marks omitted), cert. denied, _ U.S. _, 133 S. Ct. 484 (2012); see also Padilla v. Kentucky, 559 U.S. 356, 372 (2010) ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

8

Movant does not show that his appeal waiver was involuntary based on ineffective assistance of counsel. Although Movant complains that counsel was ineffective for advising him to accept the waiver without properly advising him on the benefits of an appeal, (1) Movant does not state with any particularity what additional information counsel could have provided on the benefits of an appeal that would have changed his decision to plead guilty and (2) at the hearing Movant affirmed to this Court that he understood everything and that he had fully discussed the matter with his counsel. The record, as discussed above, (Doc. 318, Guilty Plea and Plea Agreement at 2, 12, 14; Doc. 598 at 11-13, 20-22), affirmatively contradicts Movant's assertion that he did not understand the appeal waiver and its consequences. Further, Movant's sworn affirmation – that no one had advised him not to tell the complete truth – contradicts his assertion that counsel instructed him to simply say yes to all the Court's questions.

Movant also fails to show prejudice. There is no indication in the record that the government would have been willing to enter into a plea agreement that did not contain an appeal waiver. By pleading guilty, Movant benefitted from the dismissal of the remaining charges and receiving credit for acceptance of responsibility, and he presents nothing that convinces the Court of a reasonable probability that, with

9

additional explanation on the benefits of appeal, he would have rejected the plea and faced the prospect of trial. Because Movant fails to show that counsel's assistance rendered his appeal waiver involuntary and invalid, the appeal waiver stands. The Court properly questioned Movant and ascertained that he understood the appeal waiver. Based on his valid waiver, Movant's challenge to counsel's assistance at sentencing fails.

Based on the above discussion, the undersigned concludes that Movant has failed to show that he is entitled to relief and that his § 2255 motion should be denied.

## IV.     Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because it is not debatable that Movant's appeal waiver is valid. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**V.   Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion, (Doc. 628), be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

11

AO 72A
(Rev.8/82)

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 17th day of June, 2014.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE